**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID ANDREW FREEMAN,      ) | |
|           ) | |
|      Plaintiff,      ) | |
|           ) | |
| v.      ) | Civil Action No. 25-CV-12789-AK |
|           ) | |
| BRIDGETT GARBALLEY-JAMES, et al.,      ) | |
|           ) | |
|      Defendants.      ) | |
|           ) | |

## <u>MEMORANDUM AND ORDER</u>

**KELLEY, D.J.**

David Freeman, proceeding *pro se,* brings this action against his spouse Tara Freeman,

Freeman's attorney Bridgett Garballey-James, state court judge Michael Anderson,

Massachusetts Attorney General Andrea Campbell, and the Massachusetts Trial Court, alleging

violations of his federal rights with respect to divorce proceedings in the Massachusetts Probate

and Family Court (Middlesex County). [Dkt. 1].  For the reasons set forth below, the Court

**DISMISSES** this action.

### I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Freeman's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2], the

Court finds that he is eligible to proceed without prepayment of the filing fee.  Accordingly, the

Court **GRANTS** the Motion.

### II.      REVIEW OF THE COMPLAINT

Because Freeman is proceeding *in forma pauperis*, his complaint is subject to review by

the Court before requiring the defendants to respond.  The Court may dismiss the action if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In addition, the Court may consider jurisdictional issues. See Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno, 604 F.3d 7, 16 (1st Cir. 2010). In conducting this review, the Court liberally construes Freeman's Complaint because he is representing himself. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A.     Background

This is the second action Freeman has filed in this Court against Judge Anderson, Garballey-James, and others involved in the divorce proceedings. On June 6, 2025, Freeman commenced Freeman v. Anderson, No. 25-CV-11544-IT (D. Mass.), alleging violations of Title II of the ADA, the Fourteenth Amendment, and state law and asking that the Court immediately halt the state court proceeding and declare that the defendants had violated federal law. On June 27, 2025, the Court dismissed the action *sua sponte* based on the Anti-Injunction Act, 28 U.S.C. § 2283, and principles of abstention. Id. at Dkt. 12. Freeman did not appeal the dismissal of this action.

Two months later, Freeman commenced this action, alleging, *inter alia*, that his Fourteenth Amendment due process rights have been violated because the proceedings advanced "despite uncured defects" and "unresolved fraud." [Dkt. 1 at 2]. He further claims that the state court violated Title II of the Americans with Disabilities Act ("ADA") by "opposing remote access" to the state court proceedings. [Id. at 3]. Freeman asks that the Court "[e]nter declaratory judgment recognizing violations of Plaintiff's constitutional and statutory rights," "[i]ssue prospective injunctive relief ensuring ADA-compliant access and forbidding further trial advancement under fraud-tainted conditions," "[i]mpose a constructive trust and order turnover

of fiduciary property of Boston Jeepz, Inc.," and award damages against the private defendants. [Id. at 4].

The Court takes judicial notice that, on March 12, 2026, Judge Anderson issued a Judgment of Divorce, to become final in 90 days (unless otherwise ordered by the court upon application of either party). See Freeman v. Freeman, MI24D3407DR, Dkt. 163 (Middlesex Sup. Ct. Mass.);[1] see also Wiener v. MIB Grp., Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Law Offs. of David Efron v. Matthews & Fullmer L. Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

**B.      Discussion**

Because the state court's judgment of divorce is not yet final, the Court considers the question of abstention.  "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychs., 604 F.3d 658, 664 (1st Cir. 2010).  Although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015).

The oft-invoked doctrine of Younger abstention does not neatly apply here.  In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that "principles of equity and comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate

---

[1] This state court docket is available to the public through www.masscourts.org.

opportunity to raise the federal defense and abstention will not cause irreparable harm." Sirva

Relocation, 794 F.3d at 191-92.  The Supreme Court has clarified that the doctrine of Younger

abstention has been extended to three types of state proceedings: "(i) criminal prosecutions, (ii)

'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a

State's interest in enforcing the orders and judgments of its courts.'" Id. at 192 (quoting Sprint

Comm., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013).  "If a proceeding does not fit within this

taxonomy, Younger abstention will not lie." Id.

   The underlying divorce action at issue here does not fit neatly into any of these categories.

Nonetheless, "[t]he various types of abstention are not rigid pigeonholes into which federal

courts must try to fit cases." Doe v. Mass. Inst. of Tech., 46 F.4th 61, 72 (1st Cir. 2022) (quoting

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 n.9 (1987)), and it would be proper for this Court to

abstain from exercising jurisdiction over a claim in which the plaintiff seeks a determination that

his rights have been violated during a pending divorce proceeding.[2]

---

[2] As did Judge Talwani in Freeman v. Anderson, this Court agrees with the reasoning of Krueger
v. Kaul, 805 Fed. App'x 411 (7th Cir. 2020), in which the court upheld the district court's
dismissal on abstention grounds of a case concerning a state paternity action:

> But the relief [plaintiff] seeks—an order directing the state court how to conduct its
> ongoing proceeding—runs contrary to the principles of equity, comity, and
> federalism underlying our abstention doctrines, so the district court could not have
> properly exercised jurisdiction over this claim.  This matter does not fit neatly into
> the scenarios under which it is appropriate to abstain under Younger v. Harris, 401
> U.S. 37 (1971): the paternity case is not a criminal proceeding; it is not a civil
> enforcement proceeding akin to a criminal prosecution (the state is not a party, and
> [plaintiff] is not a target); and it does not touch on a state's interest in enforcing the
> orders and judgments of its courts.  [B]ut . . . [plaintiff] seeks a level of intrusion
> by a federal court into the state court's operations that is "simply too high" at least
> before the state courts have had a chance to consider the issue.

Id. at 413 (quoting Courthouse News Serv. v. Brown, 908 F.3d 1063, 1074 (7th Cir. 2018); see
also Deem v. DiMella-Deem, 941 F.3d 618, 621-24 (discussing the "domestic relations
abstention doctrine" recognized in the Second Circuit).

In addition, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  "On its face, the statute provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" Id. (quoting 28 U.S.C. § 2201(a)).

The Court notes that, once the state judgment is considered to be final in the trial court, claims for injunctive relief would be moot.  In addition, principles of claim and issue preclusion would apply. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("Disposition of [a] federal action, once [a] state-court adjudication is complete, [is] governed by preclusion law."); Commonwealth v. Hernandez, 481 Mass. 582, 595 (2019) ("In Massachusetts, as elsewhere, a trial court judgment is final for purposes of res judicata or issue preclusion regardless of the fact that it is on appeal.").

## III.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the [Dkt. 2] Motion for Leave to Proceed *In Forma Pauperis* and **DISMISSES** this action.

**SO ORDERED.**

Dated: March 30, 2026                          /s/ Angel Kelley
                                               Hon. Angel Kelley
                                               United States District Judge